JONES, Justice.
This appeal, from a judgment for Plaintiff-Appellee, Bob L. Miller, in a suit for breach of contract and specific performance, presents two issues: 1) Whether the trial Court was correct in its construction of the agreement; and 2) Whether Appellants, Harry D. Hester and Bart Nelson, as limited partners, may be held individually liable under the agreement. We affirm.
Prior to August 29, 1974, Miller, Hester and Nelson were limited partners in Bar-stone Apartments, Ltd. On August 29, 1974, Miller executed an agreement with the limited partnership to “convey a twenty-four percent (24%) interest in the net operating income of said partnership” to the other partners — “retaining a one percent (1%) interest in said partnership”.[1] The agreement provided as consideration for the transfer that Miller would be allowed to continue to share in the depreciation of the partnership assets at a rate of 25% for no longer than three years. As further consideration, Miller was to be indemnified for any losses that might occur.
The pertinent provisions of the transfer agreement provide:
Paragraph six:
“At such time as the undersigned is relieved of all liabilities now outstanding, whether such relief occurs within three (3) years or otherwise, the undersigned agrees to execute all instruments necessary to effect the transfer of his remaining one percent (1%) interest in said partnership.”
Paragraph eight:
“In the event, within a period of three years from the date hereof, the partnership effects a sale of the partnership real property now owned, and in the further event that the purchaser of such property does not agree or the internal revenue laws do not permit the undersigned to retain his right to depreciation, then the undersigned will sell to said partnership his remaining one percent (1%) interest for a cash consideration equal to (Vfe) one-half of the amount of depreciation that could have been taken by him during the remainder of such three year period.”
On February 26, 1975, the partnership realty was transferred to the Rise Company, another partnership. Because Miller could no longer claim depreciation, he sought cash consideration of one-half (Vfe) the remaining depreciation for the remainder of the three-year period. Appellants contend that, under paragraph six of the August 29 agreement, they owe no money because, incident to the sale of the partnership realty, Miller was relieved of all liabilities. It is Appellants’ position that paragraph six prevents utilization of paragraph eight; i. e., because Miller was relieved of liabilities under the terms of the sale to Rise, paragraph eight does not come into play.
Miller, on the other hand, argues that paragraph eight applies notwithstanding paragraph six; that is, Miller was entitled to be relieved of liabilities under paragraph six and he was entitled to receive the cash payment in lieu of depreciation as provided for in paragraph eight of the agreement. The trial Court so found. We affirm.
*1148 The court below based its interpretation of the contract primarily on two facts: 1) That Miller transferred his interest in the net operating income of the partnership to the partners and not the partnership assets; 2) That the requisite intent of the parties was expressed in a letter written by Appellant, Nelson, to Miller, dated August 29, 1974. The letter with reference to paragraph eight reads:
“In the event the 25% depreciation is disallowed by the Internal Revenue Service, then in such event, we agree to 12.5% depreciation and a like amount in cash for each given year in accord with the terms of the agreement. This applies also to paragraph eight in the ‘Transfer of Partnership Interest’ relating to the sale of real property owned by the partnership.”
The Court placed emphasis on the word “also” in the last sentence quoted above as pointing to the intention of the parties that both paragraph 8 and paragraph 6 applied to the situation then at bar.
The ore terms rule does not allow this Court to alter the trial Court’s findings where those findings are not “clearly erroneous or manifestly unjust.” Atkinson v. Anderson, 341 So.2d 723 (Ala.1977). There is clearly sufficient credible evidence to support the trial Court’s findings in this case.
The Appellants urge the Court to adopt the rule of interpretation that, where two contract provisions are in conflict, the first in time should control.[2] Upon a reading of the paragraphs here in question, we can determine no conflict between them. The rule contended for, even if applicable, must have for its operation a conflict between its provisions which cannot be resolved upon a reading of the whole instrument. Because the evidence supports the trial Court’s finding that no such conflict exists, the rule has no operation here.
We think the better rule is to determine the intent of the parties by considering the contract as a whole as well as the surrounding circumstances of the agreement. Charles H. McCauley Associates, Inc. v. Snook, 339 So.2d 1011 (Ala.1976). This rule is applicable if, upon the face of the instrument, an ambiguity exists. The provisions of the two paragraphs involved in this case were treated by all parties as ambiguous; i. e., subject to more than one interpretation. In Flagg-Utica Corp. v. City of Florence, 275 Ala. 475, 156 So.2d 338 (1963), this Court held that, if an ambiguity exists in a contract, the fact finder should look to the surrounding circumstances to determine the parties’ intent.[3]
Finally, Appellants argue that as limited partners they cannot be held individually and personally liable under the transfer agreement. This overlooks the pre-trial order which recites the stipulation that Appellants executed the original transfer agreement, stating that their responsibility was both “individual and as partners.” The case was fully tried on the merits on the theory that Appellants were responsible under the contract, if at all, as individuals. It is axiomatic that an issue cannot be raised for the first time on appeal.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.

. The apparent difference in interest suggested by this language between the interest conveyed (in the net operating income of the partnership) and the interest retained (in the partnership) was the subject of inquiry by this Court during oral argument. Counsel conceded that no difference in interest was intended by this variance in terms.

. This rule of construction has been applied in deeds of conveyance cases. See Lowery v. May, 213 Ala. 66, 104 So. 5 (1925). Because the facts here are insufficient to invoke its operation, we need not decide whether it applies to construction of contracts generally.

. For the sake of clarity, it should be noted that we, as well as the court below, treated this issue of interpretation of the contract in the context of an ambiguity. The issue was so postured on appeal. Our opinion is not to be construed as a holding that the language of the two paragraphs in question, when read together and in light of the contract as a whole, is ambiguous.